UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARITZA ROJAS PINEDA,

      Petitioner,

v.

TODD BLANCHE, et al.,[1]

      Respondents.

No. 1:26-CV-130-H

## **ORDER**

Before the Court is the petitioner's emergency motion for "humanitarian relief"
pending adjudication of her habeas petition.  Dkt. No. 12.  The motion identifies medical
conditions "for which [the petitioner] [has] had difficulty obtaining appropriate care."  *Id.* at
2.  She "requests immediate release from detention, which effectively renders the motion as
another ground or claim for habeas relief."  *Gandica Chacon v. Gillis*, No. 5:19-CV-110, 2020
WL 7410148, at *4 (S.D. Miss. Oct. 29, 2020), *report & recommendation adopted*, 2020 WL
7409069 (S.D. Miss. Dec. 17, 2020).  Habeas petitions, however, are reserved for challenges
to the legal rationale—or "cause"—of a petitioner's detention.  *Pierre v. United States*, 525
F.2d 933, 935–36 (5th Cir. 1976).  "[I]t cannot be used properly for any other purpose."  *Id.*
The petitioner here effectively challenges her conditions of confinement—a claim that is not
cognizable in habeas.  *Cureno Hernandez v. Mora*, 467 F. Supp. 3d 454, 462 (N.D. Tex. 2020).

Accordingly, the emergency motion for humanitarian relief (Dkt. No. 12) is denied.
The motion for leave to file medical exhibits under seal and for in camera review (Dkt. No.
13) is granted because the Court finds that the petitioner's privacy interests outweigh the

---

[1] Todd Blanche, the Acting Attorney General of the United States, is automatically substituted for
his predecessor, Pamela Bondi.  *See* Fed. R. Civ. P. 25(d).

public's presumptive right to access public records. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).

The habeas petition (Dkt. No. 1) remains pending.

So ordered on July 24, 2026.

_____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE