UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MARITZA ROJAS PINEDA,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 1:26-CV-130-H

**ORDER**

Maritza Rojas Pineda, a citizen of Cuba, entered the United States in March 2024. Dkt. No. 1-1 at 1–4. At that time, ICE placed her into removal proceedings and issued her a Notice to Appear, charging her with removability as an alien who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA], and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under [the INA]." *Id.*; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Rojas Pineda was subsequently paroled into the country. Dkt. No. 10 at 2. But on March 17, 2026, ICE detained her for the pendency of her removal proceedings under Section 1225(b)(2)(A) of the Immigration and Nationality Act. *Id.* at 2–3. Since then, she has been held at Bluebonnet Detention Center. Dkt. No. 1 at 3.

Before the Court is Rojas Pineda's habeas petition, which demands her immediate release based on the Fifth Amendment and the APA. Dkt. No. 1 at 9–10. The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Rojas Pineda's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

- An alien's prior release on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) does not permit her to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

Rojas Pineda's arguments are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. Because it appears

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir.), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

from the face of the petition that Rojas Pineda is not entitled to relief, the Court denies the petition. Dkt. No. 1.[2]

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on September 29, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[2] Rojas Pineda also argues that she was detained in violation of the Cuban Adjustment Act. Dkt. No. 1 at 6–8. But she has presented that argument to the wrong court. *Rodriguez-Hidalgo v. Noem*, 4:25-CV-5730, Dkt. No. 16, at 4 (S.D. Tex. Jan. 9, 2026) (Eskridge, J.) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." (internal quotation marks omitted) (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976))).